U. S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED- LAFAYETTE

NOV 2 4 2010

TONY R. MOORE, CLERK
BY _____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| JONETTE D. NAGRA | CIVIL ACTION NO.: 10-1331 |
| VERSUS | JUDGE RICHARD T. HAIK, SR. |
| THE NATIONAL RAILROAD PASSENGER CORP. (AMTRAK), et al | MAGISTRATE PATRICK HANNA |

## RULING

Before the Court is a Motion to Dismiss Plaintiff's Complaint (Doc. 33) filed by UnitedHealthcare Insurance Company (United). Upon thorough review of the record and being fully advised of the premises, the Court rules as follows

### BACKGROUND

Jonette Nagra was employed by defendant, The National Railroad Passenger Corp. (Amtrak), as a locomotive engineer at the time of her injuries. On May 31, 2009, the Amtrak passenger train which Nagra was operating collided with a truck-trailer owned and operated by Gulf Coast Transport, Inc. She allegedly sustained injuries to her shoulders, middle back, lower back and neck as a result of the collision.

United provided a health insurance policy to Nagra through a collective bargaining agreement between her union and Amtrak. The policy allegedly provides health benefits and coverage for on-the-job injuries. Nagra claims that United has received a satisfactory proof of loss and sufficient knowledge of Nagra's injuries that occurred in the course and scope of her employment. Regardless, United did not provide coverage to plaintiff, and she alleges United's

failure to do so was a breach of contract and amounts to bad faith dealings, which resulted in her sustaining protracted damages. As such, she asserts that United is liable pursuant to 29 U.S.C.A. § 1001, *et seq.* (ERISA).

United contends that the Plan is the proper defendant in an ERISA suit, and therefore, Nagra's Complaint should be dismissed since it has failed to name the proper party.

## LAW AND REASONING

Appellate Courts and District Courts within this Circuit have consistently held that "the Plan is the only proper party defendant to plaintiff's claim under [29 U.S.C. §1132(a)(1)(B)]." *Roig v. Limited Long Term Disability Program*, 2000 U.S. Dist. LEXIS 11379, 26-28 (E.D. La. Aug. 4, 2000). Therefore, the Court finds that plaintiff has failed to name the proper party as defendant.

## CONCLUSION

For the foregoing reasons, the Court hereby grants the plaintiff fifteen (15) days to file an Amended Complaint naming the proper party as defendant and alleging it has exhausted the Administrative Remedies available under ERISA, if exhaustion has occurred. Failure to do so will result in the Court granting UnitedHealthcare's Motion to Dismiss Plaintiff's Complaint (Doc. 33).

IT IS ORDERED that UnitedHealthcare's Motion to Dismiss Plaintiff's Complaint (Doc. 33) is taken UNDER ADVISEMENT.

THUS DONE AND SIGNED this 24 day, November, 2010, Lafayette, Louisiana.

HONORABLE RICHARD T. HAIK, SR.
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA